RICKY DALE SANDERS v. JOYCE J. BRANTLEY, IN HER CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF GEORGE OLIVER JOYNER, JR., JACQUELIN ANN JOYNER, GEORGE O. JOYNER, III, GREGORY ALLEN JOYNER, DEBBIE DIANA JOYNER, AND PEOPLES BANK AND TRUST COMPANY

No. 837SC1258

(Filed 18 December 1984)

Descent and Distribution § 8— guilty plea in criminal bastardy action—acknowledgment of paternity—right of illegitimate to inherit from father
    An illegitimate child may inherit, through intestate succession, from the estate of a father who acknowledged paternity of the child by pleading guilty in a criminal bastardy action since the guilty plea constituted an acknowledgment of paternity within the meaning of G.S. 29-19(b)(2).

APPEAL by defendants from *Small, Judge.* Judgment entered 16 September 1983 in Superior Court, NASH County. Heard in the Court of Appeals 24 September 1984.

*Narron, O'Hale, Whittington & Woodruff, P.A., by O. Hampton Whittington, Jr., for plaintiff appellee.*

*Fields, Cooper & Henderson, by Leon Henderson, Jr., for defendant appellant.*

JOHNSON, Judge.

The issue presented by this appeal is whether an illegitimate child may inherit, through intestate succession, from the estate of a father who acknowledged paternity to the child by pleading guilty in a criminal bastardy action. The trial court held that plaintiff was entitled to inherit. For the reasons that follow, we affirm the trial court's decision.

Plaintiff was born out of wedlock to Patricia Bailey on 14 December 1963. On 31 August 1964, George Oliver Joyner, Jr. (Joyner), plaintiff's father, entered a plea of guilty to a criminal charge of bastardy and thereafter made regular support payments for the benefit of plaintiff until his death on 6 February 1974. During his lifetime, Joyner gave presents to plaintiff. Following the death of Joyner as the result of a gunshot wound, plaintiff received social security survivor's benefits on Joyner's account. Joyner never denied that plaintiff was his son.

Joyner never married Patricia Bailey nor executed a will. Joyner was survived by his widow, Thelma B. Joyner; his four children by Thelma B. Joyner, defendants Jacquelin Ann Joyner, George O. Joyner, III, Gregory Allen Joyner and Debbie Diana Joyner; and plaintiff. Thelma B. Joyner died thirty minutes after Joyner, also from a gunshot wound. At the time of his death, Joyner owned two tracts of real property consisting of 38.8 acres and 37.5 acres.

The intestate succession by, through and from illegitimate children is governed by G.S. 29-19. At the time of Joyner's death, G.S. 29-19(b) provided in pertinent part:

(b) For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from:

(1) Any person who has been judicially determined to be the father of such child pursuant to the provisions of G.S. 49-14 through 49-16;

(2) Any person who has acknowledged himself during his own lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-6(c) and filed during his own lifetime in the office of the clerk of superior court of the county where either he or the child resides.

G.S. 29-19(b). We agree with the trial court that plaintiff is entitled to inherit through the provisions of subsection (b)(2). Joyner was charged in a written instrument with the paternity of plaintiff. By his plea of guilty, Joyner acknowledged the paternity of plaintiff before a judge, one of the certifying officers listed in G.S. 52-6(c). This acknowledgment was accepted by the judge and recorded in a written instrument and in the written minutes filed in the office of the clerk of superior court.

Our holding is consistent with the trend towards abolishing obstacles to the inheritance rights of illegitimates. Although not applicable to the case *sub judice*, we note that the General Assembly amended G.S. 29-19(b)(1) in 1977 to read that an illegitimate child shall be entitled to take by, through and from:

(1) Any person who has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through G.S. 49-16; . . . .

G.S. 29-19(b)(1) (Cum. Supp. 1983). This amendment was specifically made effective to estates of decedents dying on or after 1 September 1977. G.S. 29-19(b)(2), under which we are proceeding, was not changed by the General Assembly. Moreover, the General Assembly significantly broadened the inheritance rights of illegitimates by allowing inheritance by, through and from one who has been adjudged the father in a criminal action, irrespective of whether the putative father admitted paternity. In some cases, even when the putative father has been adjudged to be the father, the putative father still refuses to acknowledge paternity. In the present case, Joyner voluntarily acknowledged paternity. Joyner had a right to plead not guilty and to demand a trial, but he consciously chose not to exercise those rights in acknowledgment of paternity. We hold that Joyner's guilty plea constituted an acknowledgment within the meaning of G.S. 29-19(b)(2).

For the foregoing reasons, the judgment of the trial court is Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.